UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID J. DURRANT,

                                      Plaintiff,

                                                                                    Case # 16-CV-6781-FPG

v.

                                                                                    DECISION AND ORDER

NANCY A. BERRYHILL,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

       David J. Durrant ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

       Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

       On August 30, 2013, Plaintiff protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 15. He alleged disability since August 3, 2013 due to a hip injury, lower back degenerative disc disease/arthritis, bilateral hip arthritis, and left knee arthritis. Tr. 17.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2] References to "Tr." are to the administrative record in this matter.

On February 12, 2015, Plaintiff and vocational expert Jacquelyn D. Schabacker ("VE") testified at a hearing before Administrative Law Judge Joseph L. Brinkley ("the ALJ"). Tr. 14, 15. On April 10, 2015, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Tr. 15-25. On October 19, 2016, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.      The ALJ's Decision**

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff, who worked as a bricklayer before his hip injury, had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: fracture of the left femur/hip, lower back degenerative disc disease/arthritis, bilateral hip arthritis, and left knee arthritis. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 16-19.

Next, the ALJ determined that Plaintiff retained the RFC to perform light work[3] with additional limitations. Tr. 21. Specifically, the ALJ found that Plaintiff can lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and walk for a combined total of 6 hours out of an 8 hour workday with interruptions and regularly scheduled breaks. Tr. 21. However, Plaintiff would need to alternate sitting and standing every one hour for five minutes before resuming the previous position. *Id.* Additionally, claimant can only occasionally operate foot and leg controls with his bilateral lower extremities, and can only occasionally lift and reach overhead with his upper extremities bilaterally. *Id.* He has to avoid concentrated exposure to wetness, vibrations, extreme temperatures, humidity, and workplace hazards. *Id.* Finally, he can never crawl, crouch, or climb ladders, ropes, and scaffolds. *Id.*

---

[3]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

At step four, the ALJ found that this RFC prevents Plaintiff from performing his past relevant work of bricklaying. Tr. 24. At step five, the ALJ relied on the VE's testimony to determine that Plaintiff can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 24-25. Specifically, the VE testified that Plaintiff could work as an inspection packager, cashier, and gluer. *Id.* Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act. Tr. 25.

In reaching this decision, the ALJ considered a January 14, 2015 opinion from one of Plaintiff's treating physicians, Dr. Ketz, who opined that Plaintiff "has been 100% totally disabled since August 4, 2013," the date of Plaintiff's initial hip injury. Tr. 23. The ALJ did not give Dr. Ketz's opinion any weight because "although the doctor states that the [Plaintiff] is 'disabled,' it is not clear that the doctor was familiar with the definition of 'disability' contained in the Social Security Act and regulations." Tr. 23. The ALJ believed it possible "that the doctor was referring solely to an inability to perform the claimant's past work," which was arduous in nature. *Id.* The ALJ also stated that Dr. Ketz's opinion was inconsistent with some of his treatment notes, and faulted Dr. Ketz for labeling Plaintiff "disabled" without setting forth Plaintiff's specific functional limitations *Id.*

## II. Subsequent Medical Evidence and the Appeals Council Decision

Two of Plaintiff's treating physicians, Drs. Ketz and Gaden, issued opinions roughly a month after the ALJ rendered a decision on Plaintiff's case. Dr. Ketz opined in a May 19, 2015 letter that "[g]iven the nature of [Plaintiff's] injury . . . I would recommend a sit-stand job with no prolonged standing or walking greater than 1 hour at [a] time, or a total of 4 hours during the workday, for him as a permanent restriction." Tr. 10. Dr. Gaden, agreeing with Dr. Ketz's assessment, wrote in a May 27, 2015 letter that Plaintiff "may work at a sit-stand job but with no

5

prolonged standing, walking or sitting for more than one hour at a time. He needs to be able to change position frequently. He may work a total of 4 hours a day, 5 days a week. His injury has resulted in this permanent restriction." Tr. 9.

In upholding the ALJ's decision against Plaintiff, the Appeals Council wrote that it had looked at both of these letters, but concluded that they "were about a later time" and thus did "not affect the decision about whether [Plaintiff] was disabled beginning on or before April 10, 2015." Tr. 2. The Appeals Council also noted that "the additional evidence does not provide a basis for changing the Administrative Law Judge's decision." Tr. 2.

### III. Analysis

Plaintiff argues that remand is required because the Appeals Council violated the treating physician rule when it failed to consider two opinions from his treating physicians that he submitted after the ALJ rendered his decision.[4] ECF No. 10-1 at 17-21. The Commissioner argues that remand is not required because the physicians' opinions did not relate to the period on or before the date of the ALJ's hearing decision, and in any event, that the Appeals Council's failure was harmless error. ECF No. 13 at 12-13. This Court agrees with Plaintiff and finds that the Appeals Council violated the treating physician rule.

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527). The rule applies at both the ALJ and Appeals Council levels of review. 20 C.F.R. § 404.1527(e)(3); *see Newbury v. Astrue*, 321 F. App'x 16, 17-18 (2d Cir. 2009) (remanding for

---

[4] Plaintiff advances other arguments that he believes warrant reversal of the Commissioner's decision. ECF No. 10, at 22-28. Because this Court disposes of this matter based on the Appeals Council's error, however, those arguments need not be reached.

6

further consideration because the ALJ and the Appeals Council violated the treating physician rule). Under the treating physician rule, the ALJ and the Appeals Council must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105 (2d Cir. 2003). The ALJ and the Appeals Council may discount a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). Failure to give "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Burgess v. Astrue*, 537 F.3d 117, 129-30 (2d Cir. 2008) (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)); *see also Schaal*, 134 F.3d at 505 ("We hold that the Commissioner's failure to provide 'good reasons' for apparently affording no weight to the opinion of plaintiff's treating physician constituted legal error.").

The treating physician rule also applies when the Appeals Council considers new opinions from treating physicians submitted after the ALJ's decision. *Djuzo v. Colvin*, No. 5:13-272, 2014 U.S. Dist. LEXIS 158832 at *7 (N.D.N.Y. Oct. 3, 2014). The Appeals Council must consider this additional evidence so long as it is "new, material and relates to the period on or before the ALJ's decision," *Hollinsworth v. Colvin*, 15-CV-543-FPG, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016) and must "provide good reasons for not crediting" it. *Snell*, 177 F.3d at 134 (2d Cir. 1999).

Here, the Appeals Council did not provide good reasons for failing to credit Drs. Ketz and Gaden's May 2015 opinions. Instead, it "summarily rejected" the opinions merely because they

7

were written after the ALJ's decision, even though they were "new, material, and related back to the relevant time period." *Hollinsworth*, 2016 WL 5844298, at *3. The opinions were new because the doctors wrote them after the ALJ's decision, and they were not cumulative of other evidence in the record. *See Milano v. Apfel*, 98 F. Supp. 2d 209, 215 (D. Conn. 2000) (defining "new" evidence as that which "has not been considered previously during the administrative process" and is "not cumulative" to evidence already in the record). The opinions were also material because they contradicted the ALJ's conclusion that Plaintiff could perform light work. *See id.* (defining "material" as "relevant" and "probative."). While the ALJ found that Plaintiff could work a full, eight-hour workday, Drs. Ketz and Gaden believed Plaintiff could only work up to four hours a day.

Finally, both opinions relate back to the relevant time period. The Appeals Council assumed—merely because the doctors' opinions were written a month after the ALJ's decision—that the opinions were "about a later time" and thus did "not affect the decision about whether [Plaintiff] was disabled beginning on or before April 10, 2015." Tr. 2. But the substance of the doctors' May 2015 opinions belies the Appeals Council's conclusory and illogical argument. Dr. Gaden expressly opines in his letter that Plaintiff's August 3, 2013 hip fracture caused his present mobility limitation. Tr. 9. Similarly, Dr. Ketz stated that "[g]iven the nature of this injury, I do think that this can produce [mobility] limitations as he is experiencing." Tr. 10. In other words, both doctors acknowledged that Plaintiff's current condition stems from his August 3, 2015 hip injury—the event that prompted Plaintiff to apply for disability assistance. Had the Appeals Council thoroughly examined the new opinions, as the treating physician rule demands, it should have found that the new opinions related back to the relevant time period. At the very least, the treating physician rule required the Appeals Council to give good reasons for neglecting the new

8

opinions. Instead, the Appeals Council's analysis of the new evidence was cursory at best. The Appeals Council thereby erred by failing to comply with the treating physician rule.

The Commissioner argues that any error was harmless because even if the Appeals Council had fully considered the May 2015 opinions, the outcome of this case would not change. ECF No. 13 at 12-13; *see Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency consideration.") (alterations and citations omitted). The Court disagrees. According to the Commissioner, the Appeals Council's disregard of the May 2015 doctors' opinions was harmless because the "ALJ already considered the opinion that Plaintiff was disabled and could not perform full-time work." ECF No. 13 at 14. While the ALJ considered the January 14, 2015 opinion from Dr. Ketz that Plaintiff was 100% disabled, he rejected it because he assumed Dr. Ketz was "referring solely to [Plaintiff's] inability to perform [his] past work" of bricklaying or something similarly arduous. Tr. 23. The ALJ also assumed that Dr. Ketz was not familiar with the Social Security Act's definition of "disability" when he described the Plaintiff as 100% disabled, and he criticized Dr. Ketz for failing to set forth the Plaintiff's specific functional limitations.

Drs. Ketz and Gaden's May 2015 opinions differ materially from Dr. Ketz's January 2015 opinion. The more recent opinions provide details and functional limitations absent from the January opinion, and these new details and functional limitations clearly rebut the ALJ's assumptions that Dr. Ketz was not familiar with the Social Security Act's definition of "disability" and that Dr. Ketz believed Plaintiff could perform any non-arduous work. The Appeals Council failed to address or analyze any of these relevant distinctions between the January and May opinions. On remand, it is entirely possible that a proper analysis of Drs. Ketz and Gaden's most

9

recent opinions in accordance with 20 C.F.R. 404.1527(c)(1)-(6) could alter the outcome of Plaintiff's case.

Accordingly, for all the reasons stated, remand is required because the Appeals Council erred by failing to give controlling weight to the May 2015 opinions without comprehensively setting forth its reasons for doing so.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 21, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court